UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SMEGO, et al., | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-4057 |
| GREGG SCOTT, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

## Allegations

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiffs, four residents detained in the Rushville Treatment and Detention Facility ("Rushville"), allege that Rushville has implemented a de facto ban on legal, educational, and other books by restricting the vendors approved to sell to the residents. For example, no approved vendors sell the legal books or correspondence courses which Plaintiffs wish to buy, such as paralegal courses. Plaintiffs further allege that their law books have been confiscated for no legitimate reason. Plaintiffs also allege that even items purchased from approved vendors are destroyed without

notice if the return address label does not match exactly with the vendor's address.  Plaintiffs allege that all these practices were implemented in retaliation for their prior litigation and to impede them from future litigation.

## Analysis

Plaintiffs state First Amendment free speech and retaliation claims.  A prison's refusal to allow an inmate access to a book "'presents a substantial First Amendment issue. Freedom of speech is not merely freedom to speak; it is also freedom to read.'" <u>Munson v. Gaetz</u>, 673 F.3d 630, 632 (7th Cir. 2012)(quoted cite omitted). Plaintiffs may also state procedural due process claims based on the destruction of their property pursuant to an official practice, without notice of why the property will be destroyed and a meaningful opportunity to oppose the destruction.

**IT IS ORDERED:**

1.   Plaintiffs' petitions to proceed in forma pauperis are granted (3, 4, 5, 6).  Pursuant to a review of the Complaint, the Court finds that Plaintiff states First Amendment free speech and retaliation claims and a possible Fourteenth Amendment procedural due process claim based on the alleged destruction of

their property purchased from an approved vendor. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiffs are advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiffs need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiffs may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiffs, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiffs need not send copies of their filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiffs' document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiffs will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiffs at their place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiffs shall immediately notify the Court, in writing, of any change in their mailing address and telephone number. Plaintiffs failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: September 29, 2015

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
